UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SANKEY RUST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00085-WTL-WGH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). For the reasons explained in this Entry, the motion of Sankey Rust for relief pursuant to 28 U.S.C. § 2255 must be denied and this action dismissed with prejudice.

In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

On February 1, 2012, Rust was charged in a six count multi-defendant indictment. Rust was charged in one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On March 11, 2013, Rust filed a Petition to Enter a Plea of Guilty. In the Petition, Rust represented to the Court that he received a copy of the Indictment and that he had read and discussed it with his attorney and that he understands the accusations made against him in this case. Rust stated that he told his attorney about the facts and circumstances of this case and that

1

his attorney counseled and advised him as to the nature and cause of every accusation and possible defenses in the case. He also stated that his attorney had advised him regarding his possible sentence. He specifically stated that he believed that his attorney had done all that anyone could do to counsel and assist him and that he understood the proceedings in his case. He made no claim of innocence and he declared that his plea of guilty was voluntary and of his own accord.

On that same date, Rust filed a Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). The Plea Agreement provided that Rust would plead guilty to Count 1 of the Indictment, which charges Rust with conspiring to possess with the intent to distribute and to distribute an amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C). The Plea Agreement further provided that Rust agreed and understood that the final determination of his sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range would be made by the Court.

In exchange for Rust's plea of guilty pursuant to the plea agreement, the Government agreed that it would not bring charges against Rust for a violation of 18 U.S.C. § 922(g) based on his possession of a firearm on or about February 16, 2012.

In exchange for the concessions made by the Government, Rust:

> agree[d] that in the event the Court adopt[ed] the Sentencing Guidelines Stipulations set forth herein and sentences Defendant to a term of imprisonment within the guideline range determined in accordance therewith, or lower, regardless of how the sentence is calculated by the Court, [Rust] expressly waive[d] his right to appeal the conviction and sentence imposed in this case on any ground, . . . [and] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under Title 18, United States Code, Section 2255.

Plea Agreement ¶ 7.

On June 25, 2013, Rust's plea and sentencing hearing was held. The Court accepted the parties' stipulated factual basis and Rust's guilty plea. Rust was adjudged guilty as charged to Count One of the Indictment. The Court sentenced Rust to 136 months in prison, to be followed by 3 years of supervised release. Rust was also assessed the mandatory assessment of $100 and ordered to pay a fine of $1000. The judgment of conviction was entered on June 28, 2013.

On August 29, 2013, Rust appealed his sentence. On March 3, 2014, Rust filed a Motion to Dismiss his appeal and the Seventh Circuit dismissed his case.

On March 27, 2014, Rust filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The United States responded and no reply was filed.

## II. Discussion

Rust filed this § 2255 motion challenging the effectiveness of his counsel related to the negotiations of his plea agreement. He asserts that his counsel was ineffective because counsel failed to adequately explain the waiver of post-conviction rights set forth in the plea agreement.. Rust also claims that certain facts set forth in the factual basis portion of the plea agreement are inaccurate. Specifically he claims that there was not a drug conspiracy.

The United States argues that Rust's § 2255 motion should be dismissed with prejudice because it is barred by the waiver of post-conviction relief rights set forth in the plea agreement. Mr. Rust did not respond to this argument.

The plea agreement entered into between defendant Rust and the United States in Case No. 2:12-cr-003-WTL-CMM-11 and accepted by the Court contains a provision whereby Rust expressly agreed not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in an action brought under 28 U.S.C. § 2255. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d

564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)).

Rust is now contesting his conviction, sentence, and the manner in which it was determined, and these challenges violate Rust's express agreement as set forth in his Plea Agreement. The parties agreed that the final determination of Rust's sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range, would be made by the Court.

In exchange for waiving his post-conviction relief rights, the government agreed to not bring any charges against Rust for possessing a firearm on or about February 16, 2012, in violation 18 U.S.C. § 922(g). The government further agreed that Rust would receive a three point reduction in his offense level for his timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). Ultimately, Rust received a sentence of 136 months, a period of imprisonment below the sentencing guideline range. This below guideline range sentence can be attributed to the skilled advocacy of his attorney.

In this case,. Rust has not identified any basis upon which this Court could conclude that his acceptance of the waiver was tainted by ineffective assistance of counsel. There is no evidence to suggest that the waiver was not knowingly and voluntarily made. To the contrary, in his Petition to Enter a Plea of Guilty ("Petition"), Rust represented to the Court that he had "read and discussed [the Indictment] with [his] attorney" and that he "believe[d] and fe[lt] that [he] under[stood] every accusation made against [him] in this case." Petition ¶ 4. Rust further represented that he "offer[ed] [his] plea of "Guilty" freely and voluntarily and of [his] own accord" and that he believed and felt

4

he understood the statements set forth in the indictment, the Petition, and in the Certificate of Counsel which was attached to the Petition. Petition ¶ 14. "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of persuasion.'" *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001). Rust offers nothing that approaches that standard.

Under these circumstances, the waiver of the right to file a petition under § 2255 is enforceable and the United States is entitled to the enforcement of the waiver of post-conviction relief set forth in Rust's Plea Agreement. *See United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, 2:12-cr-0003-WTL-CMM.**

### III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Rust has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/5/15

Distribution:

All Electronically Registered Counsel

SANKEY RUST
Reg. No. 10500-028
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351